Filed 12/9/2020 5:33 PM
Juli Luke
Denton County, County Clerk
By: Lara Isbell, Deputy

CAUSE NO. <u>CV-2020-03253</u>

| | | |
|---|---|---|
| **PAULA BOYCE** | § | **IN THE COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO.** <u>2</u> |
| | § | |
| **WALMART INC D/B/A** | § | |
| **WALMART SUPERCENTER #5707** | § | |
| **Defendant.** | § | **DENTON COUNTY, TEXAS** |

## PLAINTIFFS ORIGINAL PETITION WITH
## REQUEST FOR WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, **PAULA BOYCE,** and files this Original Petition against Defendant, **WALMART INC D/B/A WALMART SUPERCENTER #5707**and in support thereof would respectfully show the Court as follows:

### I. DISCOVERY-CONTROL PLAN

1.01   Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, this case will be governed according to Discovery Control Plan, Level II.

### II. JURISDICTION AND VENUE

2.01    Venue is proper in Denton County under Texas Civil Practice & Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Denton County.

2.02    The Court has jurisdiction over Plaintiff because he is a resident of Texas and Defendant because they are a foreign entity and conducts business in Texas.  Venue of this case is proper in Denton County, Texas because it is where the underlying events that led to this lawsuit occurred.  The amount of damages sought are within this Court's jurisdictional limits. Plaintiff seeks monetary damages of $100,000 but less $200,000.

### I11. PARTIES

3.01   Plaintiff, **PAULA BOYCE,** individually is an individual residing in Ellis County.

3.02   Defendant, **WALMART INC D/B/A WALMART SUPERCENTER #5707** is a Corporation registered in Texas; and having a principal place of business at 11700 US-380, Cross Roads, Texas 76227 and operating a location at 11700 US-380, Cross Roads, Texas

EXHIBIT C

762219.  Defendant may be served with process through its registered agent CT Corporation System 1999 Bryan St., Suite 900 Dallas, Texas 75201

## IV. FACTS

4.01  On January 5, 2019, Plaintiff visited Dollar Tree and located at 11700 US-380, Cross Roads, Texas 7622. At that same time and place, Plaintiff was walking down the aisle slipped on liquid on the floor. Plaintiffs sustained severe and painful personal injuries of which Plaintiffs still suffer today.

## V.  RESPONDEAT SUPERIOR

5.01    The occurrence causing the injuries to Plaintiff was a result of the negligence of **WALMART INC D/B/A WALMART SUPERCENTER #5707**, its agents, servants, and/ or employees, which negligent acts and/or omissions were committed by **WALMART INC D/B/A WALMART SUPERCENTER #5707** agents, servants, and/or employees while in the course and scope of their employment for **WALMART INC D/B/A WALMART SUPERCENTER #5707** Therefore, Defendant **WALMART INC D/B/A WALMART SUPERCENTER #5707** is liable pursuant to the doctrine of Respondeat Superior

## VI. PLAINTIFF WAS NOT NEGLIGENT

6.01    The occurrence causing injury to Plaintiff was not caused in any way by Plaintiff's fault, carelessness, or negligence.

## VII. PREMISES CLAIM BY INVITEE

7.01    Defendant was in possession of the premises at 11700 US-380, Cross Roads, Texas 7622 on the date of the accident. Plaintiff entered defendant's premises in response to defendant's invitation and for their mutual benefit as a fast food restaurant.

7.02.   On said occasion, **WALMART INC D/B/A WALMART SUPERCENTER #5707** through its agents, servants, and/or employees, failed to exercise the high degree of care owed to Plaintiff, and was negligent and reckless in the following respects:

A.    Failing to adequately train its agents, servants, and/or employees;

B.    Failing to properly supervise its agents, servants, and/or employees;

C.    Failing to correct or warn Plaintiff of a hazardous and unreasonably dangerous condition that it knew or should have known existed, specifically the wet substance on the bathroom floor; and

D.    Failure to adequately provide for Plaintiff safety in that Defendant failed to inspect and discover a condition that it knew or should have known was potentially hazardous.

7.03    Such negligence above was a proximate cause of the occurrence in question and Plaintiffs' resulting injuries and damages as set forth thereafter.

## VIII. DAMAGES

8.01    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs was caused to suffer severe bodily injuries and damages as set out below.

(a)    Reasonable expenses for necessary medical care in the past and future;
(b)    Pain and suffering in the past and future;
(c)    Physical impairment in the past and future;
(d)    Disfigurement, past and future;
(e)

## IX. T.R.C.P. 193.7 NOTICE SELF AUTHENTICATION

9.01   Plaintiffs hereby gives notice, pursuant to Tex. R. Civ. P. 193.7, of Plaintiffs intent to utilize against the party producing same any document produced in response to written discovery served by these Plaintiffs, and any documents exchanged provided between the parties (including but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

## X.   REQUEST FOR DISCLOSURE

10.01 Defendant is requested to disclose the information or material described in Rule 194.2 (a-l).

## XI. PRAYER

11.01 For these reasons, Plaintiffs ask that the Court issue citation for defendant to appear and answer, and that plaintiffs be awarded a judgment against defendant for the following:

a.    Actual damages.
b.    Exemplary damages.
c.    Prejudgment and post judgment interest.
d.    Court costs.
e.    All other relief to which plaintiff is entitled.

**The Law Offices of Kelly T. Curran**

BY: _____
MILDRED ASHLEY
State bar No. 24091551
Midtown Office Center
5720 LBJ Fwy. Suite 440
Dallas, Texas 75240
Phone (469) 730-3007
Fax (469) 458-2993
Mildred@ktclawfirm.com
**ATTORNEY FOR PLAINTIFF**

**CAUSE NO. _____**

| | | |
|---|---|---|
| **PAULA BOYCE** | § | **IN THE COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. _____** |
| | § | |
| **WALMART INC D/B/A** | § | |
| **WALMART SUPERCENTER #5707** | § | |
| **Defendant.** | § | **DENTON COUNTY, TEXAS** |

---

### PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY

---

TO:      **WALMART INC D/B/A WALMART SUPERCENTER #5707** Defendant may be served with process through its registered agent CT Corporation System 1999 Bryan St., Suite 900 Dallas, Texas 75201

      COMES NOW, **PAULA BOYCE**, Plaintiff in the above styled cause of action and serves PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY upon Defendant, **WALMART INC D/B/A WALMART SUPERCENTER #5707**as allowed by Tex.R.Civ.P. 192 through 197.  Defendant must answer each request separately, fully, in writing, and under oath, within fifty (50) days of this notice.


      **The Law Offices of Kelly T. Curran**

BY: _____
MILDRED ASHLEY
State bar No. 24091551
Midtown Office Center
5720 LBJ Fwy. Suite 440
Dallas, Texas 75240
Phone (469) 730-3007
Fax (469) 458-2993
Mildred@ktclawfirm.com
**ATTORNEY FOR PLAINTIFF**

## I. <u>INSTRUCTIONS</u>

1.       For each document or other requested information that you assert is privileged or for any other reason excludable from discovery, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.  Also, for each document, state the date of the document, the name, job title, and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title, and address of the person now in possession of the document; and a description of the subject matter of the document.

2.       For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance.  Also, identify each person having knowledge about the disposition or loss and identify each document evidencing the existence or nonexistence of each document that cannot be located.

## II. <u>DEFINITIONS</u>

The following definitions shall have the following meanings, unless the context requires otherwise:

1.       "Plaintiff" or "**PAULA BOYCE** " means Plaintiff, her agents, representatives, and all other persons acting in concert with her, or under her control, whether directly or indirectly, excluding her attorney.

2.       "Defendant" or "Defendants" **WALMART INC D/B/A WALMART SUPERCENTER #5707**" means Defendant, their agents, representatives, employers and all other persons acting in concert with him, or under their control, whether directly or indirectly, excluding his attorney.

3.       "You" or "your" means Defendant, **WALMART INC D/B/A WALMART SUPERCENTER #5707** , their successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, employers and all other persons acting on behalf of Defendant, successors, predecessors, divisions, and subsidiaries.

4.       "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

5.      "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6.      "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.      "Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

8.      "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

9.      "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

10.     "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.     "Describe" or "identify," when referring to a person, means you must state the following:
    a.      The full name;
    b.      The present or last known residential address;
    c.      The present or last known residential and office telephone numbers;
    d.      The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and
    e.      In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

12.     "Describe" or "identify," when referring to a document, means you must state following:
    a.      The nature (e.g., letter, handwritten note) of the document;
    b.      The title or heading that appears on the document;
    c.      The date of the document and the date of each addendum, supplement, or other addition or change;
    d.      The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and
    e.      The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

13.     The word "and" means "and/or."

14.     The word "or" means "or/and."

15.     "Accident," "incident," or "collision," refers to the incident pleaded in Plaintiff's petition(s).

## III. INTERROGATORIES

**INTEROGATORY NO. 1:**    Please identify the person(s) answering any of these interrogatories by giving your full name, residence, business address, and occupation, and identify the office you hold for the Defendant.

ANSWER:

**INTEROGATORY NO. 2:**    Please describe how you believe the incident in question occurred, giving a complete description of the events and/or statements, which took place immediately preceding the immediately subsequent to the incident.

ANSWER:

**INTEROGATORY NO. 3:**    Please describe each act and omission on the part of Plaintiff that contend contributed in any way to Plaintiff's damages.

ANSWER:

**INTEROGATORY NO. 4:**    Please state those facts which you contend establish that the incident in question was caused solely and/or proximately by a new and independent cause, and describe each such new and independent cause.

ANSWER:

**INTEROGATORY NO. 5:**    Please state those facts which you contend establish that the incident in question was the result of any unavoidable accident and/or was the result of events and/or conditions wholly beyond your scope and control.

ANSWER:

**INTEROGATORY NO. 6:**    Did Defendant take any action to warn persons on the property of the conditions of the walkway upon which the Plaintiff was injured, prior to Plaintiff's injury?

ANSWER:

INTEROGATORY NO. 7:    For each person, including employees, who was present at the time and place of the incident in question, please identify such people and/or employees by name, address, telephone number, title, and job description.

ANSWER:


INTEROGATORY NO. 8:    If you or any agent or employee of Defendant made any examination of inspection of the location of the accident in question on the premises in the 24 hours before and after the time of the occurrence in question, please state:

  (a)    The date and time of the day of such examination or inspection;
  (b)    The identification, including name, address and telephone number of the person making such examination;
  (c)    A description of what such examination or inspection consisted of;
  (d)    A description of what such examination or inspection revealed or showed; and
  (e)    A description of every act or activity done or undertaken by you or any agent or employee of Defendant as a result of any condition or circumstance disclosed by such examination or inspection.

ANSWER:


INTEROGATORY NO. 9:    If you have any information that Plaintiff made any admission or declaration against interest which in any way would tend to support your version of this case, please state:

  (a)    The time and place when such admission or declaration was made;
  (b)    The substance of the admission or declaration; and
  (c)    The names, addresses and telephone number of all persons in whose presence such admission or declaration was made.

ANSWER:


INTEROGATORY NO. 10:   If you contend that Plaintiff did not fall as alleged in this action, or was not injured as alleged in this action, please state each fact on which you base your contention, identify any persons by name, address and telephone number who support this contention, and identify any documents that support this contention.

ANSWER:

INTEROGATORY NO. 11:  If you contend that Defendant neither knew nor should have known of the alleged condition in question, please state for each fact on which you base your contention, identify all persons by name, address and telephone number who support this contention, and identify any documents which support this contention.

ANSWER:

INTEROGATORY NO. 12:  Please state the name, address, and telephone number of the entity and/or persons who were responsible for maintaining the premises, including keeping the restaurant walkway free of potential danger and hazards, at the time of the incident in question.

ANSWER:

INTEROGATORY NO. 13:  State whether any entity (ies) or person(s) identified in Interrogatory No. 12 did anything to avoid the incident in question or did anything that caused or contributed to the incident in question, and if so, describe such action.

ANSWER:

INTEROGATORY NO. 14:  Please describe all incidents in which persons have fallen on the store's walkway, or injured themselves on the store's walkway at the **WALMART INC D/B/A WALMART SUPERCENTER #5707** at 11700 US-380 Cross Roads, Texas 76227, the past 5 years by stating:
      (a)      The names of the person who allegedly fell;
      (b)      The defect they alleged

ANSWER:

INTEROGATORY NO. 15:  If you contend that you did not have control of the area where the incident in question occurred please provide:

      (a)      The persons or entities you allege had custody and control of the area where the incident occurred; and
      (b)      The factual basis for the allegation that such persons or entities had custody or control of the area where the incident occurred.

ANSWER:

---

INTEROGATORY NO. 16:  Please identify by name any individual or organization who was either working on or in charge of the maintenance of the stairwell and staircase in question within the week prior to Plaintiff's injury.

ANSWER:

## IV. REQUEST FOR PRODUCTION

1.      All communication occurring between Plaintiff, or anyone acting on her behalf, in the one hand, and Defendant, or anyone acting on his behalf, on the other, including but not limited to, handwritten notes of any such communication, copies of any correspondence transcripts of tape recordings, tapes containing recordings, etc.

2. All video tape recordings and any written employee statements concerning the accident in question made at any time on the day of the accident and any time after.

3.       Exact copies of each writing and document that Defendant intends to introduce at the trial of this cause.

4.      Exact copies of each writing and document received from any law enforcement or regulatory agency of the federal or state governments relating to the premises in question or subject matter of this suit. [**NOTE:** This would include any civil or criminal citations, city permits, red tags, etc.]

5.      Exact copies of each understanding or agreement Defendant, or anyone acting on its behalf, has reached or entered into with any person or entity with respect to the occurrence out of which the above styled and numbered cause arises, or with respect to any claim Defendant has asserted, as a result of any loss or damage incurred or sustained as a consequence of such occurrence.

6.      Exact copies of claims made or suits filed, and any incident reports relating thereto, with respect to each incident where a person, including Plaintiff was injured due to restaurant walkway not being well maintained and free of hazards.

7.      Exact copies of any incident reports relating to the incident in question.

8.      Any pictures, photographs, slides, drawings, graphs, charts, video tape recordings, or other visual or audio representations demonstrating, reflecting, portraying, or intended to demonstrate, illustrate or recreate the incident or condition in question. The work product of Defendant's attorney is excluded from the Request, unless it is intended to be used as an exhibit at trial.

9.      Exact copies of all policies, procedures, or guidelines in connection with the maintenance of the bathroom at **WALMART INC D/B/A WALMART SUPERCENTER #5707at** 11700 US-380 Cross Roads, Texas 76227.

10.     Exact copies of all documents concerning the design, construction, modification, or improvements of the floor of **WALMART INC D/B/A WALMART SUPERCENTER #5707at** 11700 US-380 Cross Roads, Texas 76227

11.     Exact copies of all warnings of a dangerous condition concerning the location of the incident in question.

12.     A copy of the safety management file in effect and/or in existence at the time of the incident in question concerning the control and/or operation of the premises in question.

13.     Exact copies of all contracts between you and any entity or person reasonable for the maintenance of the location of the incident in question on the premises in question.

14.     All contracts, agreements, correspondence, or other documents between Defendant, or its agents, and the persons or entities responsible or the maintenance of **WALMART INC D/B/A WALMART SUPERCENTER #5707at** 11700 US-380 Cross Roads, Texas 76227

15.     Produce all documents evidencing a conviction of the Plaintiff which Defendant may use at trial, pursuant to Tex.R.Civ.Evid. 609(f).

16.     Produce all manuals, guidelines or instruction books that Defendant, or its agents, gives to employees regarding the investigation and/or reporting of accidents.

17.     Any and all photographs, recording, movies, slides, or video tapes in the care, custody or control of you or any of your agents or representatives, depicting the plaintiff, or the accident scene.

18.     All witness statements regarding this incident in the custody or control of defendant.

19.     Copies of any surveillance movies, photos, videotapes, slides or other likeness of Plaintiff. This request specifically requests the defendant to produce any and all such films or photos taken of the plaintiff by the defendant, the defendant's agents, servants, representatives, employees or attorneys, or at their direction at any time after the date of the incident which is the subject of this suit.

20.     Any and all documents and tangible things, including all tangible reports, physical models, compilations of data and other material, prepared by an expert or for an expert in anticipation of the expert's trial and deposition testimony or prepared by an expert used for consultation if prepared in anticipation of litigation or for trial when it forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

21.     A copy of the documents contained in Defendant's claim file regarding the incident made the basis of this suit, other than those created in anticipation of litigation or for trial. (See *In re Texas Farmers Ins. Exchange*, 990 S.W.2d 337 Tex App.-Texarkana, 1999) (holding that if the primary motivating factor of the insurer's investigation is to evaluate the claim to determine whether it should be settled and the potential lawsuit avoided…. the investigation in not conducted in anticipation of litigation.

22.     A copy of any report, correspondence, memoranda, adjuster's notes or journal or log, or any other documents prepared at any time prior to the service of citation in this suit, at the request of Defendant's insurers, adjustor, claim services, or investigation, regarding the occurrence in question or any of the injuries or damages alleged to have resulted therefrom (except for privileged attorney-client communication).

23.     Any document or other tangible item of any description which you contend contains information supporting your contention regarding the date Defendant reasonably anticipated litigation.

# V. REQUEST FOR ADMISSIONS

Admit or deny the truth of the following statements:

REQUEST 1: Plaintiff properly named defendant in plaintiff's original petition.

RESPONSE:

REQUEST 2: The document attached as Plaintiff's Original petition is a genuine copy of that document.

RESPONSE:

REQUEST 3: The document attached as Plaintiff's Original petition was received by **WALMART INC D/B/A WALMART SUPERCENTER #5707at** 11700 US-380 Cross Roads, Texas 76227**.**
RESPONSE:

REQUEST 4: The document attached as Plaintiff's Original petition was created before November 28, 2019.

RESPONSE:

REQUEST 5: The original of the document attached as Plaintiff's Original petition is in the possession, custody, or control of **WALMART INC D/B/A WALMART SUPERCENTER #5707**store, its agents or representatives.
RESPONSE:

REQUEST 6: **WALMART INC D/B/A WALMART SUPERCENTER #5707**its agents or employees were convicted of a felony or a crime involving moral turpitude.

RESPONSE:

REQUEST 7: Defendant leased the premises located at 11700 US-380 Cross Roads, Texas 76227 at the time of the accident.
RESPONSE:

REQUEST 8: Defendant had control of the premises located at 11700 US-380 Cross Roads, Texas 76227 at the time of the accident.
RESPONSE:

REQUEST 9: Defendant was in charge of maintaining the premises, including the aisles at 11700 US-380 Cross Roads, Texas 76227 at the time of the accident.

RESPONSE:

REQUEST 11: Defendant's business was open to the public at the time the accident occurred.

RESPONSE:

REQUEST 12: Defendant was notified of the condition on the floor before the accident occurred.

RESPONSE:

REQUEST 13: Defendant, after becoming aware of the condition on the floor, did not take correct safety precautions until after the accident occurred.

RESPONSE:

REQUEST 14: Defendant was aware of the risk of injury created by the condition of the floor.

RESPONSE:

Filed: 1/4/2021 8:30 AM
Juli Luke
Denton County, County Clerk
By: Nancy Mclaughlin, Deputy

CV-2020-03253

CAUSE NO: CV-2020--3253

| | | |
|---|---|---|
| **PAULA BOYCE** | § | **IN THE COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. 2** |
| | § | |
| **WALMART INC D/B/A** | § | |
| **WALMART SUPERCENTER #5707** | § | |
| **Defendant.** | § | **DENTON COUNTY, TEXAS** |

### PLAINTIFFS AMENDED PETITION WITH REQUEST FOR WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, **PAULA BOYCE,** and files this Original Petition against Defendant, **WALMART INC D/B/A WALMART SUPERCENTER #5707**and in support thereof would respectfully show the Court as follows:

### I. DISCOVERY-CONTROL PLAN

1.01   Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, this case will be governed according to Discovery Control Plan, Level II.

### II. JURISDICTION AND VENUE

2.01   Venue is proper in Denton County under Texas Civil Practice & Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Denton County.

2.02   The Court has jurisdiction over Plaintiff because he is a resident of Texas and Defendant because they are a foreign entity and conducts business in Texas.  Venue of this case is proper in Denton County, Texas because it is where the underlying events that led to this lawsuit occurred.  The amount of damages sought are within this Court's jurisdictional limits. Plaintiff seeks monetary damages of $100,000 but less $200,000.

### I11. PARTIES

3.01   Plaintiff, **PAULA BOYCE,** individually is an individual residing in Ellis County.

3.02   Defendant, **WALMART INC D/B/A WALMART SUPERCENTER #5707** is a Corporation registered in Texas; and having a principal place of business at 11700 US-380, Cross Roads, Texas 76227 and operating a location at 11700 US-380, Cross Roads, Texas

762219. Defendant may be served with process through its registered agent CT Corporation System 1999 Bryan St., Suite 900 Dallas, Texas 75201

## IV. FACTS

4.01  On January 5, 2019, Plaintiff visited Walmart Supercenter #5707 and located at 11700 US-380, Cross Roads, Texas 7622. At that same time and place, Plaintiff was walking down the aisle slipped on liquid on the floor. Plaintiffs sustained severe and painful personal injuries of which Plaintiffs still suffer today.

## V. RESPONDEAT SUPERIOR

5.01    The occurrence causing the injuries to Plaintiff was a result of the negligence of **WALMART INC D/B/A WALMART SUPERCENTER #5707**, its agents, servants, and/ or employees, which negligent acts and/or omissions were committed by **WALMART INC D/B/A WALMART SUPERCENTER #5707** agents, servants, and/or employees while in the course and scope of their employment for **WALMART INC D/B/A WALMART SUPERCENTER #5707** Therefore, Defendant **WALMART INC D/B/A WALMART SUPERCENTER #5707**is liable pursuant to the doctrine of Respondeat Superior

## VI. PLAINTIFF WAS NOT NEGLIGENT

6.01    The occurrence causing injury to Plaintiff was not caused in any way by Plaintiff's fault, carelessness, or negligence.

## VII. PREMISES CLAIM BY INVITEE

7.01    Defendant was in possession of the premises at 11700 US-380, Cross Roads, Texas 7622 on the date of the accident. Plaintiff entered defendant's premises in response to defendant's invitation and for their mutual benefit as a fast food restaurant.

7.02.    On said occasion, **WALMART INC D/B/A WALMART SUPERCENTER #5707** through its agents, servants, and/or employees, failed to exercise the high degree of care owed to Plaintiff, and was negligent and reckless in the following respects:

A.    Failing to adequately train its agents, servants, and/or employees;

B.    Failing to properly supervise its agents, servants, and/or employees;

C.    Failing to correct or warn Plaintiff of a hazardous and unreasonably dangerous condition that it knew or should have known existed, specifically the wet substance on the bathroom floor; and

D.    Failure to adequately provide for Plaintiff safety in that Defendant failed to inspect and discover a condition that it knew or should have known was potentially hazardous.

7.03    Such negligence above was a proximate cause of the occurrence in question and Plaintiffs' resulting injuries and damages as set forth thereafter.

## VIII. DAMAGES

8.01    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs was caused to suffer severe bodily injuries and damages as set out below.

(a)    Reasonable expenses for necessary medical care in the past and future;
(b)    Pain and suffering in the past and future;
(c)    Physical impairment in the past and future;
(d)    Disfigurement, past and future;
(e)

## IX. T.R.C.P. 193.7 NOTICE SELF AUTHENTICATION

9.01    Plaintiffs hereby gives notice, pursuant to Tex. R. Civ. P. 193.7, of Plaintiffs intent to utilize against the party producing same any document produced in response to written discovery served by these Plaintiffs, and any documents exchanged provided between the parties (including but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

## X.   REQUEST FOR DISCLOSURE

10.01 Defendant is requested to disclose the information or material described in Rule 194.2 (a-l).

## XI. PRAYER

11.01 For these reasons, Plaintiffs ask that the Court issue citation for defendant to appear and answer, and that plaintiffs be awarded a judgment against defendant for the following:

a.    Actual damages.
b.    Exemplary damages.
c.    Prejudgment and post judgment interest.
d.    Court costs.
e.    All other relief to which plaintiff is entitled.

The Law Offices of Kelly T. Curran

BY: _____

MILDRED ASHLEY
State bar No. 24091551
Midtown Office Center
5720 LBJ Fwy. Suite 440
Dallas, Texas 75240
Phone (469) 730-3007
Fax (469) 458-2993
Mildred@ktclawfirm.com
**ATTORNEY FOR PLAINTIFF**

CAUSE NO.   CV-2020-03253

| | | |
|---|---|---|
| **PAULA BOYCE** | § | **IN THE COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. 2** |
| | § | |
| **WALMART INC D/B/A** | § | |
| **WALMART SUPERCENTER #5707** | § | |
| **Defendant.** | § | **DENTON COUNTY, TEXAS** |

## PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY

TO:      **WALMART INC D/B/A WALMART SUPERCENTER #5707** Defendant may be served with process through its registered agent CT Corporation System 1999 Bryan St., Suite 900 Dallas, Texas 75201

COMES NOW, **PAULA BOYCE**, Plaintiff in the above styled cause of action and serves PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY upon Defendant, **WALMART INC D/B/A WALMART SUPERCENTER #5707**as allowed by Tex.R.Civ.P. 192 through 197. Defendant must answer each request separately, fully, in writing, and under oath, within fifty (50) days of this notice.

The Law Offices of Kelly T. Curran

BY: _____

MILDRED ASHLEY
State bar No. 24091551
Midtown Office Center
5720 LBJ Fwy. Suite 440
Dallas, Texas 75240
Phone (469) 730-3007
Fax (469) 458-2993
Mildred@ktclawfirm.com
**ATTORNEY FOR PLAINTIFF**

# I. INSTRUCTIONS

1.      For each document or other requested information that you assert is privileged or for any other reason excludable from discovery, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion. Also, for each document, state the date of the document, the name, job title, and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title, and address of the person now in possession of the document; and a description of the subject matter of the document.

2.      For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance. Also, identify each person having knowledge about the disposition or loss and identify each document evidencing the existence or nonexistence of each document that cannot be located.

# II. DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1.      "Plaintiff" or "**PAULA BOYCE** " means Plaintiff, her agents, representatives, and all other persons acting in concert with her, or under her control, whether directly or indirectly, excluding her attorney.

2.      "Defendant" or "Defendants" **WALMART INC D/B/A WALMART SUPERCENTER #5707**" means Defendant, their agents, representatives, employers and all other persons acting in concert with him, or under their control, whether directly or indirectly, excluding his attorney.

3.      "You" or "your" means Defendant, **WALMART INC D/B/A WALMART SUPERCENTER #5707** , their successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, employers and all other persons acting on behalf of Defendant, successors, predecessors, divisions, and subsidiaries.

4.      "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

5.     "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6.     "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.     "Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

8.     "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

9.     "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

10.     "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.     "Describe" or "identify," when referring to a person, means you must state the following:
   a.     The full name;
   b.     The present or last known residential address;
   c.     The present or last known residential and office telephone numbers;
   d.     The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and
   e.     In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

12.     "Describe" or "identify," when referring to a document, means you must state following:
   a.     The nature (e.g., letter, handwritten note) of the document;
   b.     The title or heading that appears on the document;
   c.     The date of the document and the date of each addendum, supplement, or other addition or change;
   d.     The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and
   e.     The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

13.     The word "and" means "and/or."

14.     The word "or" means "or/and."

15.     "Accident," "incident," or "collision," refers to the incident pleaded in Plaintiff's petition(s).

## III. INTERROGATORIES

INTEROGATORY NO. 1:    Please identify the person(s) answering any of these interrogatories by giving your full name, residence, business address, and occupation, and identify the office you hold for the Defendant.

ANSWER:

INTEROGATORY NO. 2:    Please describe how you believe the incident in question occurred, giving a complete description of the events and/or statements, which took place immediately preceding the immediately subsequent to the incident.

ANSWER:

INTEROGATORY NO. 3:    Please describe each act and omission on the part of Plaintiff that contend contributed in any way to Plaintiff's damages.

ANSWER:

INTEROGATORY NO. 4:    Please state those facts which you contend establish that the incident in question was caused solely and/or proximately by a new and independent cause, and describe each such new and independent cause.

ANSWER:

INTEROGATORY NO. 5:    Please state those facts which you contend establish that the incident in question was the result of any unavoidable accident and/or was the result of events and/or conditions wholly beyond your scope and control.

ANSWER:

INTEROGATORY NO. 6:    Did Defendant take any action to warn persons on the property of the conditions of the walkway upon which the Plaintiff was injured, prior to Plaintiff's injury?

ANSWER:

---

INTEROGATORY NO. 7:   For each person, including employees, who was present at the time and place of the incident in question, please identify such people and/or employees by name, address, telephone number, title, and job description.

ANSWER:

INTEROGATORY NO. 8:   If you or any agent or employee of Defendant made any examination of inspection of the location of the accident in question on the premises in the 24 hours before and after the time of the occurrence in question, please state:

(a)     The date and time of the day of such examination or inspection;
(b)     The identification, including name, address and telephone number of the person making such examination;
(c)     A description of what such examination or inspection consisted of;
(d)     A description of what such examination or inspection revealed or showed; and
(e)     A description of every act or activity done or undertaken by you or any agent or employee of Defendant as a result of any condition or circumstance disclosed by such examination or inspection.

ANSWER:

INTEROGATORY NO. 9:   If you have any information that Plaintiff made any admission or declaration against interest which in any way would tend to support your version of this case, please state:

(a)     The time and place when such admission or declaration was made;
(b)     The substance of the admission or declaration; and
(c)     The names, addresses and telephone number of all persons in whose presence such admission or declaration was made.

ANSWER:

INTEROGATORY NO. 10:  If you contend that Plaintiff did not fall as alleged in this action, or was not injured as alleged in this action, please state each fact on which you base your contention, identify any persons by name, address and telephone number who support this contention, and identify any documents that support this contention.

ANSWER:

INTEROGATORY NO. 11:   If you contend that Defendant neither knew nor should have known of the alleged condition in question, please state for each fact on which you base your contention, identify all persons by name, address and telephone number who support this contention, and identify any documents which support this contention.

ANSWER:

INTEROGATORY NO. 12:   Please state the name, address, and telephone number of the entity and/or persons who were responsible for maintaining the premises, including keeping the restaurant walkway free of potential danger and hazards, at the time of the incident in question.

ANSWER:

INTEROGATORY NO. 13:   State whether any entity (ies) or person(s) identified in Interrogatory No. 12 did anything to avoid the incident in question or did anything that caused or contributed to the incident in question, and if so, describe such action.

ANSWER:

INTEROGATORY NO. 14:   Please describe all incidents in which persons have fallen on the store's walkway, or injured themselves on the store's walkway at the **WALMART INC D/B/A WALMART SUPERCENTER #5707** at 11700 US-380 Cross Roads, Texas 76227, the past 5 years by stating:
        (a)    The names of the person who allegedly fell;
        (b)    The defect they alleged

ANSWER:

INTEROGATORY NO. 15:   If you contend that you did not have control of the area where the incident in question occurred please provide:

        (a)    The persons or entities you allege had custody and control of the area where the incident occurred; and
        (b)    The factual basis for the allegation that such persons or entities had custody or control of the area where the incident occurred.

ANSWER:

INTEROGATORY NO. 16:  Please identify by name any individual or organization who was either working on or in charge of the maintenance of the stairwell and staircase in question within the week prior to Plaintiff's injury.

ANSWER:

## IV. REQUEST FOR PRODUCTION

1.      All communication occurring between Plaintiff, or anyone acting on her behalf, in the one hand, and Defendant, or anyone acting on his behalf, on the other, including but not limited to, handwritten notes of any such communication, copies of any correspondence transcripts of tape recordings, tapes containing recordings, etc.

2. All video tape recordings and any written employee statements concerning the accident in question made at any time on the day of the accident and any time after.

3.      Exact copies of each writing and document that Defendant intends to introduce at the trial of this cause.

4.      Exact copies of each writing and document received from any law enforcement or regulatory agency of the federal or state governments relating to the premises in question or subject matter of this suit. [**NOTE:** This would include any civil or criminal citations, city permits, red tags, etc.]

5.      Exact copies of each understanding or agreement Defendant, or anyone acting on its behalf, has reached or entered into with any person or entity with respect to the occurrence out of which the above styled and numbered cause arises, or with respect to any claim Defendant has asserted, as a result of any loss or damage incurred or sustained as a consequence of such occurrence.

6.      Exact copies of claims made or suits filed, and any incident reports relating thereto, with respect to each incident where a person, including Plaintiff was injured due to restaurant walkway not being well maintained and free of hazards.

7.      Exact copies of any incident reports relating to the incident in question.

8.      Any pictures, photographs, slides, drawings, graphs, charts, video tape recordings, or other visual or audio representations demonstrating, reflecting, portraying, or intended to demonstrate, illustrate or recreate the incident or condition in question. The work product of Defendant's attorney is excluded from the Request, unless it is intended to be used as an exhibit at trial.

9.      Exact copies of all policies, procedures, or guidelines in connection with the maintenance of the bathroom at **WALMART INC D/B/A WALMART SUPERCENTER #5707at** 11700 US-380 Cross Roads, Texas 76227.

10.    Exact copies of all documents concerning the design, construction, modification, or improvements of the floor of **WALMART INC D/B/A WALMART SUPERCENTER #5707at** 11700 US-380 Cross Roads, Texas 76227

11.    Exact copies of all warnings of a dangerous condition concerning the location of the incident in question.

12.    A copy of the safety management file in effect and/or in existence at the time of the incident in question concerning the control and/or operation of the premises in question.

13.    Exact copies of all contracts between you and any entity or person reasonable for the maintenance of the location of the incident in question on the premises in question.

14.    All contracts, agreements, correspondence, or other documents between Defendant, or its agents, and the persons or entities responsible or the maintenance of **WALMART INC D/B/A WALMART SUPERCENTER #5707at** 11700 US-380 Cross Roads, Texas 76227

15.    Produce all documents evidencing a conviction of the Plaintiff which Defendant may use at trial, pursuant to Tex.R.Civ.Evid. 609(f).

16.    Produce all manuals, guidelines or instruction books that Defendant, or its agents, gives to employees regarding the investigation and/or reporting of accidents.

17.    Any and all photographs, recording, movies, slides, or video tapes in the care, custody or control of you or any of your agents or representatives, depicting the plaintiff, or the accident scene.

18.    All witness statements regarding this incident in the custody or control of defendant.

19.    Copies of any surveillance movies, photos, videotapes, slides or other likeness of Plaintiff. This request specifically requests the defendant to produce any and all such films or photos taken of the plaintiff by the defendant, the defendant's agents, servants, representatives, employees or attorneys, or at their direction at any time after the date of the incident which is the subject of this suit.

20.     Any and all documents and tangible things, including all tangible reports, physical models, compilations of data and other material, prepared by an expert or for an expert in anticipation of the expert's trial and deposition testimony or prepared by an expert used for consultation if prepared in anticipation of litigation or for trial when it forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

21.     A copy of the documents contained in Defendant's claim file regarding the incident made the basis of this suit, other than those created in anticipation of litigation or for trial. (See *In re Texas Farmers Ins. Exchange*, 990 S.W.2d 337 Tex App.-Texarkana, 1999) (holding that if the primary motivating factor of the insurer's investigation is to evaluate the claim to determine whether it should be settled and the potential lawsuit avoided.... the investigation in not conducted in anticipation of litigation.

22.     A copy of any report, correspondence, memoranda, adjuster's notes or journal or log, or any other documents prepared at any time prior to the service of citation in this suit, at the request of Defendant's insurers, adjustor, claim services, or investigation, regarding the occurrence in question or any of the injuries or damages alleged to have resulted therefrom (except for privileged attorney-client communication).

23.     Any document or other tangible item of any description which you contend contains information supporting your contention regarding the date Defendant reasonably anticipated litigation.

## V. REQUEST FOR ADMISSIONS

Admit or deny the truth of the following statements:

REQUEST 1: Plaintiff properly named defendant in plaintiff's original petition.

RESPONSE:

REQUEST 2: The document attached as Plaintiff's Original petition is a genuine copy of that document.

RESPONSE:

REQUEST 3: The document attached as Plaintiff's Original petition was received by **WALMART INC D/B/A WALMART SUPERCENTER #5707**at 11700 US-380 Cross Roads, Texas 76227.
RESPONSE:

REQUEST 4: The document attached as Plaintiff's Original petition was created before November 28, 2019.

RESPONSE:

REQUEST 5: The original of the document attached as Plaintiff's Original petition is in the possession, custody, or control of **WALMART INC D/B/A WALMART SUPERCENTER #5707**store, its agents or representatives.
RESPONSE:

REQUEST 6: **WALMART INC D/B/A WALMART SUPERCENTER #5707**its agents or employees were convicted of a felony or a crime involving moral turpitude.

RESPONSE:

REQUEST 7: Defendant leased the premises located at 11700 US-380 Cross Roads, Texas 76227 at the time of the accident.
RESPONSE:

REQUEST 8: Defendant had control of the premises located at 11700 US-380 Cross Roads, Texas 76227 at the time of the accident.
RESPONSE:

REQUEST 9: Defendant was in charge of maintaining the premises, including the aisles at 11700 US-380 Cross Roads, Texas 76227 at the time of the accident.

RESPONSE:

REQUEST 11: Defendant's business was open to the public at the time the accident occurred.

RESPONSE:

REQUEST 12: Defendant was notified of the condition on the floor before the accident occurred.

RESPONSE:

REQUEST 13: Defendant, after becoming aware of the condition on the floor, did not take correct safety precautions until after the accident occurred.

RESPONSE:

REQUEST 14: Defendant was aware of the risk of injury created by the condition of the floor.

RESPONSE:

 CT Corporation

**Service of Process
Transmittal**
01/08/2021
CT Log Number 538859948

**TO:**   Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:**   **Process Served in Texas**

**FOR:**   WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Boyce Paula, Pltf. vs. Walmart Inc, etc., Dft. <br> *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Citation, Amended Petition, Interrogatories, Request(s) |
| **COURT/AGENCY:** | County Court at Law No. 2 Denton County, TX <br> Case # CV202003253 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 01/05/2019 - Walmart Supercenter #5707 - 11700 US-380, Cross Roads, Texas 7622 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/08/2021 at 01:52 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service (See document for pertinent information) |
| **ATTORNEY(S) / SENDER(S):** | Mildred Ibale Ashley <br> The Law Offices of Kelly T. Curran <br> 5720 LBJ Fwy. Suite 440 <br> Dallas, TX 75240 <br> 469-730-3007 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/09/2021, Expected Purge Date: 01/14/2021 <br><br> Image SOP <br><br> Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System <br> 1999 Bryan Street <br> Suite 900 <br> Dallas, TX 75201 <br><br> 877-564-7529 <br> MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process
Transmittal**
01/08/2021
CT Log Number 538859948

**TO:**    Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:**    **Process Served in Texas**

**FOR:**    WALMART INC.  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**               Fri, Jan 8, 2021

**Server Name:**        Deandrea Manoy

| Entity Served | WALMART INC D/B/A WALMART SUPERCENTER #5707 |
| --- | --- |
| Agent Name | |
| Case Number | CV-2020-03253 |
| Jurisdiction | TX |



# Citation

Cause No.CV-2020-03253

Paula Boyce VS. WALMART INC, Doing Business As
WALMART SUPERCENTER #5707

County Court at Law No. 2
1450 E. McKinney Street, Denton, TX 76209

**THE STATE OF TEXAS**

ANY SHERIFF OR CONSTABLE OR OTHER PERSON AUTHORIZED BY LAW OR COURT ORDERED TO
SERVE CITATION:

To:   WALMART INC d/b/a Walmart Supercenter #5707   "OR WHEREVER THEY MAY BE FOUND"
      Registered Agent CT Corporation System
      1999 Bryan St Suite 900
      Dallas TX 75201

**NOTICE TO DEFENDANT: "You have been sued."** The Plaintiff's Original Petition (OCA) WITH
REQUEST FOR WRITTEN DISCOVERY was filed on December 31, 2020.  You may employ an attorney.  If you
or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were served this citation and petition, a Default Judgment may be taken
against you.

Issued and given under my hand and seal of said court and office on this the 31st day of December, 2020.

**Plaintiff's Attorney**
Mildred Ibale-Ashley
5720 LBJ FWY STE 440
Dallas TX 75240
469-730-3007

**Juli Luke, County Clerk Denton, Texas**
1450 E. McKinney St, Denton, TX 76209
www.DentonCounty.gov

BY: _Lara Isbell_
Lara Isbell, Deputy Clerk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Return of Service**

Came to hand on the _____ day of _____, 20___ at _____ M. and **Executed** on the _____ day of _____, 20___ at _____
_____ M. by delivering to the within named _____ Manner delivered
_____, a true copy of this citation with attached copy(ies) of the Plaintiff's Original Petition (OCA)
WITH REQUEST FOR WRITTEN DISCOVERY at _____
_____

For Serving Citation  $ _____          Sheriff/Constable _____
For Mileage           $ _____          County of _____        State of _____
**Total Fees:**       $ _____          By: _____
                                           Officer/Authorized Person- I.D.# _____
"My name is _____, my date of birth is ___/___/___, and my address is _____
                (First, Middle, Last)
_____. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE
AND CORRECT.
(Street, City, Zip)

Executed in _____ County, State of _____, on the _____ day of _____, _____.

_____ ID# and Exp. of Cert. _____
Declarant/Authorized Process Server
Email address: _____

# Citation

Cause No.CV-2020-03253

Paula Boyce VS. WALMART INC, Doing Business As
WALMART SUPERCENTER #5707

County Court at Law No. 2
1450 E. McKinney Street, Denton, TX 76209

**THE STATE OF TEXAS**

ANY SHERIFF OR CONSTABLE OR OTHER PERSON AUTHORIZED BY LAW OR COURT ORDERED TO SERVE CITATION:

To:  WALMART INC d/b/a Walmart Supercenter #5707      **"OR WHEREVER THEY MAY BE FOUND"**
Registered Agent CT Corporation System
1999 Bryan St Suite 900
Dallas TX 75201

**NOTICE TO DEFENDANT: "You have been sued."** The Plaintiff's Original Petition (OCA) WITH REQUEST FOR WRITTEN DISCOVERY was filed on December 31, 2020. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a Default Judgment may be taken against you.

Issued and given under my hand and seal of said court and office on this the 31st day of December, 2020.

**Plaintiff's Attorney**
Mildred Ibale Ashley
5720 LBJ FWY STE 440
Dallas TX 75240
469-730-3007

**Juli Luke, County Clerk Denton, Texas**
1450 E. McKinney St, Denton, TX 76209
www.DentonCounty.gov

BY: _____
Lara Isbell, Deputy Clerk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Return of Service

Came to hand on the 8 day of Jan , 2021 at 11:00 M. and **Executed** on the 8 day of Jan , 2021, at 12:28 P.M. by delivering to the within named Walmart Inc through CT Corp . Manner delivered personal , a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition (OCA) WITH REQUEST FOR WRITTEN DISCOVERY at

1999 Bryan Street Dallas Texas 75201 .

For Serving Citation  $ _____          Sheriff/Constable _____
For Mileage        $ _____          County of _____ State of _____
**Total Fees:**      $ _____          By: _____
                                 Officer/Authorized Person- I.D.# _____
"My name is DeAndrea Mechol Maney , my date of birth is _____, and my address is 5980 LBJ Freeway
(First, Middle, Last)
Dallas, Texas 75201      I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE
AND CORRECT.
(Street, City, Zip)
                 Executed in Dallas County, State of TX , on the 8 day of January , 2021.

_____ DeAndrea Maney      ID# and Exp. of Cert. PSC18659
Declarant/Authorized Process Server            exp 8/31/22
Email address: demaney@yahoo.com

Filed: 1/29/2021 4:06 PM
Juli Luke
Denton County, County Clerk
By: Sandra Erp, Deputy

## CAUSE NO. CV-2020-03253

| | | |
|---|---|---|
| **PAULA BOYCE** | § | **IN THE COUNTY COURT** |
| | § | |
| | § | |
| **VS.** | § | **AT LAW NO. 2 OF** |
| | § | |
| **WALMART INC. D/B/A** | § | |
| **WALMART SUPERCENTER #5707** | § | **DENTON COUNTY, TEXAS** |

### DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Walmart Inc. d/b/a Walmart Supercenter #5707 (incorrectly sued, proper and only necessary entity is Wal-Mart Stores Texas, LLC), Defendant in the above-entitled and numbered cause, and files its Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I. GENERAL DENIAL

Defendant generally denies the allegations contained in Plaintiff's Original Petition, demands strict proof thereof, and says this is a matter for jury decision.

### II. REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

### III. RULE 193.7 NOTICE

Pursuant to TEXAS RULES OF CIVIL PROCEDURE 193.7, Defendant provides notice that it intends to use Plaintiff's production of all documents, tangible things and discovery items produced in response to discovery in any pre-trial proceeding or at trial.

### IV. JURY DEMAND

Defendant further demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing hereof, Plaintiff take nothing by this suit, that Defendant recover its costs, and that Defendant have such other and further relief, both at law and in equity, to which it may be justly entitled.

          **Respectfully submitted**,

          **COBB MARTINEZ WOODWARD** **PLLC**
          1700 Pacific Avenue, Suite 3100
          Dallas, TX  75201
          (214) 220-5208 (direct phone)
          (214) 220-5258 (direct fax)

By:         */s/ Bevan Rhine*
          **BEVAN RHINE**
          Texas Bar No. 24036265
          brhine@cobbmartinez.com

          **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been forwarded to counsel for Plaintiff either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 28th day of January, 2021:

Mildred Ashley
Law Offices of Kelly T. Curran
5720 LBJ Freeway, Suite 440
Dallas, Texas 75240
469.730.3007 / fax 469.458.2993
mildred@ktclawfirm.com
ktclawfirm@gmail.com

        */s/ Bevan Rhine*
        **BEVAN RHINE**